## McGOWAN, EXECUTRIX OF McGOWAN, *v.* PARISH, EXECUTRIX OF PARISH.

IN THE MATTER OF THE APPLICATION FOR ALLOWANCE OF AN APPEAL FROM A DECREE OF THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. —.  Submitted January 13, 1913.—Decided April 14, 1913.

An appeal lies from a decree of the Court of Appeals of the District of Columbia under subd. 6 of § 250 of the Judicial Code where the construction of a law of the United States of general application was drawn in question and was considered and passed upon; and so *held* that an appeal should have been allowed in this case as § 3477, Rev. Stat., is such a statute and the case is not so frivolous as to deprive of the right of appeal allowed by § 250.

Appeal from 40 Wash. Law Rep. 726, allowed.

THE facts, which involve the construction of the provisions of § 250 of the Judicial Code regulating appeals to

this court from judgments and decrees of the Court of Appeals of the District of Columbia, are stated in the opinion.

*Mr. Nathaniel Wilson* and *Mr. J. J. Darlington* for the applicants.

*Mr. Holmes Conrad* and *Mr. Leigh Robinson* for Parish.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

In a controversy with the United States, the executrix of Joseph W. Parish ultimately recovered a judgment for a large sum of money. *Parish* v. *MacVeagh,* 214 U. S. 124. Claiming to be entitled to a lien or liens upon the proceeds of the claim and to be the equitable owners of one-tenth of the amount awarded, because of services rendered as attorneys at law, under express contracts made with Joseph W. Parish, a suit in equity was commenced in the Supreme Court of the District of Columbia, by Jonas H. McGowan and Elijah V. Brookshire, against the executrix of Parish and the then Secretary of the Treasury and the Treasurer of the United States to enforce said alleged lien or liens. A restraining order issued, but before answer an interlocutory decree was entered by consent of the defendant executrix, by which the restraining order was dissolved and $41,000 of the sum owing by the United States to the Parish estate was collected and deposited with a trustee "to the credit of this cause and subject to the further order of this court herein, and subject to the determination by this court in this cause whether any amount, and if so what amount, is justly due the complainants, or either of them, for professional services rendered by them, or either of them, for or in respect of the matters described in the bill of complaint."

The case thereafter proceeded solely against the executrix
of Parish. Soon afterwards McGowan died and his
executrix was substituted. The defendant executrix an-
swered, and the objections therein raised to the case made
by the plaintiff were thus summarized by the judge before
whom the case was ultimately heard:

"(1) That the plaintiffs' claims, if any, are barred by
their failure to have the same passed and approved by the
probate court within the time limited by the statute.

"(2) That the lien asserted by the plaintiffs is in viola-
tion of the Revised Statutes, section 3477.

"(3) That even taking the contract of McGowan as it
read, he had not fulfilled its condition and is therefore en-
titled to nothing.

"(4) That the plaintiffs totally abandoned the prose-
cution of the claim and voluntarily relinquished all rights
they may have had under their contracts.

"(5) That in any view of the case the plaintiffs are
entitled to nothing more than the reasonable value of
their services."

The section of the Revised Statutes referred to is in the
margin.[1]

---

[1] All transfers and assignments made of any claim upon the United
States, or of any part or share thereof, or interest therein, whether
absolute or conditional, and whatever may be the consideration there-
for, and all powers of attorney, orders, or other authorities for receiving
payment of any such claim, or of any part or share thereof, shall be
absolutely null and void, unless they are freely made and executed in
the presence of at least two attesting witnesses, after the allowance of
such a claim, the ascertainment of the amount due, and the issuing of a
warrant for the payment thereof. Such transfers, assignments, and
powers of attorney, must recite the warrant for payment, and must be
acknowledged by the person making them, before an officer having
authority to take acknowledgments of deeds, and shall be certified by
the officer; and it must appear by the certificate that the officer, at the
time of the acknowledgment, read and fully explained the transfer,
assignment, or warrant of attorney to the person acknowledging the
same.

The trial judge disposed of the case in an elaborate opinion. Considering whether the lien asserted by the plaintiff was in conflict with Rev. Stat., § 3477, it was held that all question on that subject had been waived by the consent to the interlocutory decree, which reserved only the question of indebtedness and the amount thereof. The case was deemed to be analogous to that presented in *Price* v. *Forrest*, 173 U. S. 410, 423, 424, where the scope and effect of Rev. Stat., § 3477, was considered; and it was in effect decided that the statute would not be contravened by adjudicating upon the alleged contract rights of the parties in respect to the fund on deposit. On appeal the Court of Appeals reversed the decree of the Supreme Court, and among other things explicitly decided that the contracts relied upon were repugnant to § 3477 and were absolutely void. It was, however, also held that, putting aside the question of contract lien and assuming that there was an agreement to pay a contingent fee, no lien operative upon the fund existed for such fee because the judgment for the claim against the United States had been recovered by other attorneys acting independently of the complainants. Thus reaching the conclusion that as the result of the provisions of the statute there could be no lien, and there was, moreover, none, viewing the case independently of the statute, and hence, no valid ground of equity jurisdiction, it was substantially decided that from the point of view of the alleged contract and the right to the fund asserted to arise from it the court was without power to interfere. Considering the interlocutory decree and the agreement by which it was rendered it was in effect determined that it must be treated as having been entered subject to the right of the defendant to challenge, in virtue of the statute, the existence of the alleged lien, and therefore as the result of the construction given to the statute at the instance of the defendant the interlocutory decree could have no greater effect to establish the lien asserted

than did the contract itself. Although it was thus concluded that as by virtue of the statute invoked by the defendant there was no lien and no jurisdiction, it was nevertheless decided that in view of the recitals in the answer that the agreement leading up to the interlocutory decree was equivalent to the consent by the parties that the court decide the case, not upon a question of contract or the right to a lien arising from it, since that was disposed of by the statute, but by way of *quantum meruit*. Coming to examine that question, it was held that by inaction or neglect the plaintiffs had lost their rights if any to recover on a *quantum meruit*, as the result of the inaction or neglect, as other attorneys had been employed and had recovered the judgment upon which the money had been collected. (40 Wash. Law Rep. 726.) A decree of reversal was entered and the cause was remanded, with directions to dismiss the bill. Application was then made to the Court of Appeals for the allowance of an appeal to this court "upon the ground that the construction of a law of the United States is drawn in question by the defendant." The appeal was refused, the court in a memorandum opinion, after reciting the fact of the making of the application, saying:

"The defendant relied upon section 3477, Rev. Stat., as prohibiting the lien claimed by the plaintiffs, and on that rests the contention that the construction of a law of the United States is drawn in question.

"The right to appeal is one of substance and not of mere form. The question of the validity of the lien is one that had been settled by the Supreme Court of the United States in construing section 3477, and was no longer an open one. The construction of the act could not, therefore, be drawn in question. *State of Kansas* v. *Bradley*, 26 Fed. 289; *Harris* v. *Rosenberger*, 145 Fed. 449–452.

"We are constrained to refuse the allowance of the appeal."

This application was then made. The section of the Judicial Code relied upon by the applicants reads as follows:

"Sec. 250. Any final judgment or decree of the court of appeals of the District of Columbia may be reëxamined and affirmed, reversed, or modified by the Supreme Court of the United States, upon writ of error or appeal, in the following cases: . . .

"Sixth. In cases in which the construction of any law of the United States is drawn in question by the defendant."

This section came under consideration in *American Security Co.* v. *Dist. of Columbia*, 224 U. S. 491, where it was held that the words "any law of the United States" embraced only laws of the United States of general operation and did not therefore include laws of the United States local in their application to the District of Columbia. It follows that in the nature of things there exists a large class of cases which involve the construction of a law of the United States in one sense, although not the construction of such law in the sense of the statute, the line of distinction being whether the law whose construction was involved was of general application or merely local in character. The duty in every case, therefore, arises where the right to appeal under the section is invoked to ascertain whether the case substantially involves the construction of a law in the appealable sense. The fact that the court below in the nature of things must be constantly called upon to apply and enforce laws of the United States local in character admonishes us that when called upon to determine whether the right to an appeal exists, to be more than usually circumspect to see to it that the authority to review conferred in one class of cases be not permitted to embrace the other and large class of cases to which it does not extend.

Undoubtedly Rev. Stat., § 3477, is a law of the United

States of general application and its construction was drawn in question by the defendant and was considered and passed upon, and hence we think the right to appeal existed. Indeed, the court below did not rest its refusal to allow the appeal upon the theory that the construction of a statute of the United States of general operation had not been called in question by the defendant, but upon the conception that the questions concerning the construction of the statute which were raised had been so explicitly foreclosed as to exclude the possibility of allowing an appeal upon the theory that the case substantially involved a controversy concerning the construction of the statute. But in view of the difference between the trial court and the court below as to the operation and effect of the interlocutory consent decree, of the question which necessarily arose as to the effect of the statute upon the rights of the parties to make the agreement irrespective of its operation upon the United States and the application of the statute to the idiosyncrasies of the case as presented, we cannot say that the case arising on the record is of so frivolous a character as to deprive of the right of appeal which otherwise is obviously conferred by the statute.

The penalty of the bond to be given to operate as a supersedeas will be the sum of three thousand dollars.

*Appeal allowed.*