# PORTO RICO RAILWAY, LIGHT, & POWER COMPANY

*v.*

# FELIPE AMADOR et al.

San Juan, Equity, No. 1011.

## JURISDICTION AND FEDERAL QUESTION.

Jurisdictional Amount—Continuing Trespass.

1. In cases of taxes running over an indefinite period, it is not necessary for Federal jurisdiction that the amount for one year exceed $3,000, but this does not apply to an injunction sought against small jitney operators.

Porto Rico R. L. & P. Co. v. Amador.

Citizenship—Violation of Federal Law.
    2. Difference of citizenship is important only in regard to rights arising under local law. A nonresident has the right to bring in the Federal court a suit against a resident regardless of subject-matter.

Federal Questions—Franchise.
    3. The violation of the Organic Act for Porto Rico is not a violation of local legislation of Congress, such as in the District of Columbia, but of an act of Congress. This is settled law in this court.

Constitution—Violations.
    4. A case may be said to arise under the Constitution or laws of the United States whenever its correct decision depends upon the construction of either. To determine what is a public franchise within the scope of the Jones Act involves construction of that act of Congress.

Opinion filed September 12, 1918.

Mr. *J. Henri Brown* for plaintiff.

Mr. *Henry G. Molina* for defendants.

HAMILTON, Judge, delivered the following opinion:

The sworn bill in this case was filed May 20, 1918, by the plaintiff, operating a line of street railway between San Juan and Rio Piedras by electricity under franchises granted by the Executive Council of Porto Rico, and approved by the President of the United States under § 32 of what is called the Foraker Act of April 12, 1900, and a joint resolution in relation thereto approved May 21, 1900. The system being constructed at an expense of a million and a half dollars, and being in successful operation. That the defendants, forty-five in number,

Porto Rico R. L. & P. Co. v. Amador.

operate automobiles, some for a municipality and some as general public carriers, under licenses issued by the commissioner of the interior for Porto Rico. The plaintiff is incorporated under the laws of Porto Rico, and defendants are residents and citizens of Porto Rico. That defendants' jitneys for hire are operated between the Plaza Baldorioty and Stop 25 in Santurce, including San Jose and Salvador Brau streets, paralleling the route of the plaintiff. That defendants' business requires a grant from the Public Service Commission of Porto Rico, but that none has been obtained, and this unauthorized competition by defendants deprives plaintiff of from three to four hundred dollars a day, besides congesting the streets and disorganizing plaintiff's schedule. That unless defendants are enjoined, plaintiff will be unable to operate its railway efficiently, and unable to comply with its franchise obligations, and will suffer irreparable loss. Defendants filed on June 17 a motion to dismiss upon several grounds. The matter was argued and submitted thereon. Section 32 of the Foraker Act as to franchises is as follows: ". . . Provided, however, that all grants of franchises, rights, and privileges or concessions of a public or quasi-public nature shall be made by the Executive Council, with the approval of the governor, and all franchises granted in Porto Rico shall be reported to Congress, which hereby reserves the power to annul or modify the same." [30 Stat. at L. 84, chap. 191.]

The corresponding § 38 of the Jones Act as to franchises is as follows: "That all grants of franchises, rights, and privileges of a public or quasi-public nature shall be made by a public service commission, consisting of the heads of executive departments, the auditor, and two commissioners to be elected,"

Porto Rico R. L. & P. Co. v. Amador.

etc., etc. [39 Stat. at L. 964, chap. 145, Comp. Stat. § 3803p.]

1. It is argued that the court has no jurisdiction because it is not shown that the amount in controversy exceeds $3,000. This seems to be literally true, and the question is whether there is any exception which takes it outside of the rule prescribed in the Organic Act as to this court in regard to jurisdictional amount of $3,000. It has been decided that, in the case of taxes running over an indefinite period of years, it is not necessary that the amount for any one year exceed $3,000, the continuity of the taxation implying the amount. This might not be true if the tax was a temporary levy or so small as not in any reasonable time to recover the jurisdictional amount. In the case at bar the defendants are alleged as operating in such service separate automobiles. The presumption from the language is that each defendant drives his automobile, and that the daily loss to plaintiff from such operation is from three to four hundred dollars. The bill does not say how long such competition has lasted. It only says that "defendants are now, and for some time past have been, engaged in the business." Twenty-seven days would seem to have elapsed between the filing of the bill and the motion to dismiss, by which time under the allegations of the bill much more than $3,000 was involved, and the amount has by now been greatly increased.

The rule as to injunctions to restrain a nuisance or continuing trespass is that the jurisdictional amount is tested by the object to be gained by complainant. Glenwood Light & Water Co. v. Mutual Light, Heat & P. Co. 239 U. S. 121, 60 L. ed. 174, 36 Sup. Ct. Rep. 30. Prospective damages make up the jurisdictional amount. Scott v. Donald, 165 U. S. 107, 41 L.

Porto Rico R. L. & P. Co. v. Amador.

ed. 648, 17 Sup. Ct. Rep. 262. In the case at bar it is contended that the allegation as to rendering valueless a million and a half dollar plant is sufficient on the score of jurisdictional amount. In some cases this might be true, but in dealing with what would seem to be individual owners of possibly small automobiles or jitneys it cannot be said that it is necessarily true. Any one or more of them may go out of business any day. The nature of the case does not necessarily amount to a continuing trespass or a nuisance.

Construing the bill against the pleader, it would seems that from either point of view, whether looking to the past or the future, the bill is not stated with sufficient definiteness as to the ground of jurisdictional amount. It is possible that it may be amended, but in any event this point in the motion is well taken and must be sustained.

2. The second objection set up is that jurisdiction is lacking in regard to citizenship, both plaintiff and defendants being citizens of the United States and Porto Rico and domiciled in Porto Rico. This is true on the allegations of the bill, but if, as contended, the basis of the bill is violation of a Federal law, that is to say, if there exists a Federal question, difference of citizenship is not material. Difference of citizenship is important only in regard to rights arising under local laws. In order to secure justices to all American citizens, wherever their domicil, a nonresident has the right to bring in the Federal courts a suit against a resident of the vicinity, regardless of the subject-matter of the controversy. The parties being citizens of the same territory, the point would be well taken if the controversy were as to local rights or franchises under the local law. The contention of the plaintiff being otherwise, the point

raised is not material. Pope v. Louisville, N. A. & C. R. Co. 173 U. S. 573, 43 L. ed. 814, 19 Sup. Ct. Rep. 500.

3. The main issue under the motion to dismiss is probably as to the existence vel non of a Federal question, that is to say, whether the defendants in their alleged competition with the plaintiff are exercising a franchise which is made a prerequisite by a Federal law. Under § 24 of the Judicial Code which reads as follows: "The district courts shall have original jurisdiction as follows: First. Of all suits of a civil nature, at common law or in equity, brought by the United States, or by any officer thereof authorized by law to sue, or between citizens of the same state claiming lands under grants from different states; or, where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of three thousand dollars, and (a) arises under the Constitution or laws of the United States, or treaties made, or which shall be made under their authority, or (b) is between citizens of different states, or (c) is between citizens of a state and foreign states, citizens, or subjects . . ." [36 Stat. at L. 1091, chap. 231, Comp. Stat. 1916, § 991(1)],—they would be violating a Federal law, and that is the meaning of a Federal question.

It is contended that a violation, such as is alleged, of the Organic Act for the territory of Porto Rico is a violation of what may be called local legislation by Congress, and under the rulings of the supreme court does not rise to the dignity of a Federal question. Snow v. United States, 118 U. S. 346, 30 L. ed. 207, 6 Sup. Ct. Rep. 1059; American Secur. & T. Co. v. District of Columbia, 224 U. S. 491, 56 L. ed. 856, 32 Sup. Ct. Rep. 553; Washington, A. & Mt. V. R. Co. v. Downey, 236 U. S. 190, 59 L. ed. 533, 35 Sup. Ct. Rep. 406. This seems

Porto Rico R. L. & P. Co. v. Amador.

to be true where Congress assumes the role of a local legislature, as it does in the case of the District of Columbia. The American theory of territorial government, however, is different, and is based upon leaving as much local power to a separate local legislature as is consistent with the assertion of national authority as to general interests. It may be possible for Congress to legislate locally as to territories, but at least it has not generally done so except in the single case of the District of Columbia, which is so small and so vitally connected with the seat of government itself as to make a local legislature unadvisable. It is not necessary to decide that Congress does not in any case act as a local legislature for territories, but so far as the question at bar is concerned Congress does not seem to to have so acted. Under the opinion of this court in Porto Rico American Tobacco Co. v. Benedicto, 10 Porto Rico Fed. Rep. 565, it has been decided that the Organic Act for Porto Rico is to be considered as an act of Congress and construed in that regard like other acts of Congress. "The District of Columbia is different because there the body of private rights is created and controlled by Congress, and not by a legislature of the District." Kawananakoa v. Polyblank, 205 U. S. 349, 51 L. ed. 834, 27 Sup. Ct. Rep. 526; Porto Rico v. Rosaly y Castillo, 227 U. S. 270, 57 L. ed. 507, 33 Sup. Ct. Rep. 352. A section of the Organic Act for the Philippines is to be considered a statute of the United States, and rights involved thereunder give rise to Federal jurisdiction. Reavis v. Fianza, 215 U. S. 16, 54 L. ed. 72, 30 Sup. Ct. Rep. 1. It is quite true that where objections arise under local law, the Supreme Court has often indicated its strong leaning towards the local courts. Cray v. Taylor, 227 U. S. 51, 57 L. ed. 413, 33 Sup. Ct. Rep.

Porto Rico R. L. & P. Co. v. Amador.

199. So far as the United States district for Porto Rico is concerned, the question as to construction of the Organic Act, being a Federal question, may be regarded as closed. Porto Rico American Tobacco Co. v. Benedicto, supra; Scoville v. Hadley, 4 Porto Rico Fed. Rep. 457; Navarro v. Post, 5 Porto Rico Fed. Rep. 56, 60.

4. The precise point in issue is as to the requirement on the subject of franchises in the Foraker and Jones Acts, which, except as to the name of the granting body, are substantially the same. Section 38 of the new Organic Act provides that public franchises shall be granted by the Public Service Commission, and it being alleged in the bill that the defendants have not received such a franchise, the question is whether, under the act, the plaintiff can claim that they are in unlawful competition with him. The defendants on the other hand say that it is merely a question of construction of the word "franchise," which is to be decided by etymology and by the dictionary, and does not therefore raise any Federal question, similar questions coming up in almost every case.

A case may be said to arise under the Constitution or a law of the United States whenever its correct decision depends upon the construction of either. Chief Justice Marshall in Cohen v. Virginia, 6 Wheat. 264, 5 L. ed. 257. If some right upon which recovery depends will be defeated by one construction of the law or sustained by another construction, then the case arises under the Constitution or law. Little York Gold-Washing Co. v. Keyes, 96 U. S. 199, 24 L. ed. 656; Tennessee v. Davis, 100 U. S. 257, 25 L. ed. 648; Northern P. R. Co. v. Soderberg, 188 U. S. 526, 47 L. ed. 575, 23 Sup. Ct. Rep. 365. A controversy turning upon the effect of an act of Congress is one aris-

ing under such act. Hughes v. Northern P. R. Co. 9 Sawy. 313, 18 Fed. 106, 110.

Is the franchise to the plaintiff now alleged to be infringed to be considered one granted by the local government or by the Federal government? It was in point of fact made by the Executive Council acting under an act of Congress, but approved directly by the President of the United States. It is not possible for the Sovereign to grant all franchises, as they may be innumerable. It may constitute a local body its instrumentality for that purpose. Wright v. Nagle, 101 U. S. 791, 794, 25 L. ed. 921, 922; Mobile v. Louisville & N. R. Co. 84 Ala. 115, 5 Am. St. Rep. 342, 4 So. 106.

Under these principles does the case at bar depend for its decision upon questions of Federal law on the one hand or of local or general law on the other? Doubtless the protection to which the owner of a franchise is entitled is a question of general law, and it may be where an injunction is proper a question of equity law. A case depending upon questions of local or general law cannot be brought within the jurisdiction of a Federal tribunal merely by a reference to some Federal statute and setting up thereunder a claim merely colorable. This would unduly enlarge the jurisdiction of Federal courts far beyond the intention of Congress. New Orleans v. New Orleans Waterworks Co. 142 U. S. 79, 35 L. ed. 943, 12 Sup. Ct. Rep. 142; Hamblin v. Western Land Co. 147 U. S. 531, 532, 37 L. ed. 267, 268, 13 Sup. Ct. Rep. 353. It being necessary to refer to a Federal statute in order to ascertain the meaning of a contract does not cause the case to be one founded on the laws of the United States so as to invoke Federal jurisdiction. Miller v. Swann, 150 U. S. 132, 37 L. ed. 1028, 14 Sup. Ct.

Rep. 52. The case at bar, however, seems to go beyond this. How to protect a franchise is a question of general law, and the definition of franchise itself is a matter of lexicography; but to determine what is a public franchise within the scope of § 38 of the Jones Act requires legal, if not political, considerations connected with the legislation of Congress in regard to territorial matters.

It follows, therefore, that the first ground of the motion must be granted and that the others are overruled. It should not be inferred, however, that any decision whatever is involved herein as to the merits of the case itself. It is merely determined that if plaintiff is able to make an amendment as to jurisdictional amount, the case will then go to hearing in this court upon the merits.

It is so ordered.