## HILL v. DORSEY, Agent, etc.

Court of Appeals of District of Columbia.
Submitted October 5, 1927. Decided November 7, 1927.

No. 4604.

1. **Extradition ⊙=34—Requisition held properly issued by lawfully constituted executive authority of demanding state.**

In extradition proceeding, requisition, attestation clause of which was in form employed by state executives and President of the United States, *held* properly issued by lawfully constituted executive authority of demanding state.

2. **Extradition ⊙=26—Under statute, Chief Justice of Supreme Court has express authority to act in extradition proceeding (Code, § 930).**

Under Code, § 930, Chief Justice of the Supreme Court of the District has express authority to act in extradition proceeding.

3. **Courts ⊙=443—Congress has plenary power as local Legislature of District of Columbia in matter of conferring jurisdiction and powers on courts of District.**

Congress not only has plenary power as the local Legislature of the District of Columbia, but has as much authority to vest courts of the District of Columbia with a variety of jurisdiction and powers as a state Legislature has in conferring jurisdiction on its courts.

4. **Extradition ⊙=32—Indictment for larceny and for obtaining signature that would be a forgery held sufficient to support extradition proceedings.**

Indictment in demanding state for larceny and for obtaining a signature that would be a forgery *held* sufficient to support extradition proceedings.

Appeal from the Supreme Court of the District of Columbia.

Petition by Myra C. Hill for a writ of habeas corpus to obtain release from John A. Dorsey, as Agent of the state of Massachusetts. From a judgment dismissing petition, petitioner appeals. Affirmed.

C. L. Keeley, of Washington, D. C., for appellant.

Peyton Gordon and Neil Burkinshaw, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Judge. Appeal from a judgment in the Supreme Court of the District of Columbia, dismissing appellant's petition for a writ of habeas corpus and remanding her to the custody of the appellee, as agent of the state of Massachusetts.

The petition for warrant of removal was based upon an indictment containing 39 counts, found in Suffolk county, Massachusetts, of which counts 18 charge the obtaining of a signature that would be a forgery, with intent to defraud different persons, while the other 21 counts charge larceny from different persons of property of the value of many thousands of dollars. Counts 1 and 2, being representative of the others, are here reproduced:

"The jurors for the commonwealth of Massachusetts on their oath present that Myra Hill, otherwise called M. C. Hill, otherwise called Myra Hill Simms, on the 7th day of December in the year of our Lord 1925, with intent to defraud, did obtain the signature of Harold C. Robinson to a written instrument, to wit, an agreement of sale, the false making whereof would be a forgery.

"And the jurors aforesaid, for the commonwealth of Massachusetts on their oath aforesaid do further present that Myra Hill, otherwise called M. C. Hill, otherwise called Myra Hill Simms, on the 7th day of December in the year of our Lord 1925, did steal money of the amount and of the value in all of $1,600 of the property of Harold C. Robinson."

The requisition (forming the basis of the order of removal, signed by the Chief Justice of the Supreme Court of the District of Columbia) was in regular form and contained the following attestation:

"In witness whereof I have hereunto signed my name and caused the great seal of the commonwealth to be affixed at the Capitol in Boston this 1st day of July, in the year of our Lord 1926. [Signed] Herbert H. Boynton, Deputy Secretary of the Commonwealth.

"By His Excellency, the Governor,
"[Great Seal.] Alvin T. Fuller."

[1] Appellant contends that this requisition was null and void, because "not issued by the lawfully constituted executive authority of the commonwealth of Massachusetts." There is no merit in this contention. The caption of the requisition is, "The Governor of the Commonwealth of Massachusetts to the Chief Justice of the Supreme Court of the District of Columbia," and the attestation clause is in the form employed by state executives and the President of the United States.

[2, 3] The authority of the Chief Justice of the Supreme Court of the District to act in requisition proceedings also is questioned, although such has been the unchallenged practice for more than a century. This fact alone would suggest the lack of merit in the

contention. Degge v. Hitchcock, 229 U. S. 162, 170, 33 S. Ct. 639, 57 L. Ed. 1135. Section 930 of our Code expressly confers such authority upon the Chief Justice, and the legality of this action may not be doubted, in view of the fact that Congress, not only has plenary power as the local Legislature of the District of Columbia (Wash. & Mt. Vernon Ry. v. Downey, 236 U. S. 190, 35 S. Ct. 406, 59 L. Ed. 533), but in the exercise of such power has as much authority to vest courts of the District of Columbia with a variety of jurisdiction and powers as a state Legislature has in conferring jurisdiction on its courts, and may, if it sees fit, unite legislative and judicial powers in a single hand. Keller v. Potomac Elec. Co., 261 U. S. 428, 443, 43 S. Ct. 445, 67 L. Ed. 731.

[4] The next and last contention necessary to be noticed challenges the sufficiency of the indictment. That this indictment is sufficient, within the rule in Snyder v. Hunter, 56 App. D. C. 41, 8 F.(2d) 902, Barrett v. Bigger, 57 App. D. C. ——, 17 F.(2d) 669, and Hogan v. O'Neill, 255 U. S. 52, 41 S. Ct. 222, 65 L. Ed. 497, is too plain to require discussion.

Judgment affirmed, with costs.

Affirmed.