## REED v. COLPOYS, U. S. Marshal.
### No. 7197.

United States Court of Appeals for the District of Columbia.

Argued July 25, 1938.

Decided July 29, 1938.

James J. Laughlin, of Washington, D. C., for appellant.

David A. Pine, U. S. Atty., and John J. Wilson and John C. Conliff, Asst. U. S.

Attys., all of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and STEPHENS, Associate Justice, and LUHRING, Associate Justice of the District Court of the United States for the District of Columbia.

PER CURIAM.

This is an appeal from an order of the District Court of the United States for the District of Columbia discharging a writ of habeas corpus and dismissing the petition for the writ. The appellant was sentenced November 26, 1923, by the Circuit Court of Franklin County, Illinois, to the Illinois State Penitentiary for a period of one to fourteen years for the crime of "assault to rob." On March 11, 1925, he was paroled in accordance with a parole agreement which he signed and by the terms of which he was permitted to leave the State of Illinois but required to place himself under the supervision of one L. Rutherford, Chief of Police of Pocahontas, Virginia; and under its further terms he was obliged to submit a report on or about April 1, 1925. In violation of his parole agreement, he failed to submit this report and a warrant of the State of Illinois was issued upon June 12, 1925, for his arrest. It appears that at that time and for a long time thereafter his whereabouts were unknown and that on April 21, 1938, the Acting Governor of the State of Illinois forwarded requisition papers to the Chief Justice of the District Court of the United States for the District of Columbia for the extradition of the appellant—representing in due manner that the appellant stands charged in Illinois with the crime, under the laws of that State, of "assault to rob," and representing that he has fled from the justice of the State of Illinois and taken refuge in the District of Columbia. The Chief Justice, after a hearing on this requisition, found the appellant to be a fugitive from the justice of the State of Illinois and thereupon issued an order surrendering him to the agent of that State. But pending the appellant's application for the writ of habeas corpus herein, the Chief Justice remanded the appellant to the custody of the appellee. The proceeding contests the right to extradite upon the facts above set forth.

The appellant first contends that he is not a fugitive from justice within the terms of Article IV, Section 2, clause 2, of the United States Constitution, U.S.C.A. Const. art. IV, § 2, cl. 2, providing:

"A person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up to be removed to the State having Jurisdiction of the Crime."

The contention is wholly without merit. It is settled law that one is a fugitive from justice within the purview of the Constitutional provision who, having been charged with crime in the demanding State, leaves that State for any purpose whatsoever. Appleyard v. Massachusetts, 1906, 203 U.S. 222, 227, 27 S.Ct. 122, 51 L.Ed. 161, 7 Ann.Cas. 1073; Ex parte Reggel, 1885, 114 U.S. 642, 5 S.Ct. 1148, 29 L.Ed. 250; Roberts v. Reilly, 1885, 116 U.S. 80, 6 S.Ct. 291, 29 L.Ed. 544; Barrett v. Bigger, 1927, 57 App.D.C. 81, 17 F. 2d 669. The law is also settled that a paroled prisoner who has, in violation of parole, left the State in which he was convicted of crime is, within the Constitutional provision in question, a person charged with crime in the State where he was convicted and one who has fled from the justice of that State, so that he is subject to extradition. Drinkall v. Spiegel, Sheriff, 1896, 68 Conn. 441, 36 A. 830, 36 L.R.A. 486; Hughes v. Pflanz, 6 Cir., 1905, 138 F. 980. It is also settled that a paroled prisoner who has left the State of conviction pursuant to the terms of his parole, but later violates the same, is a person charged with crime and a fugitive from justice subject to extradition. People ex rel. Hutchings v. Mallon, 218 App.Div. 461, 218 N.Y.S. 432, affirmed without opinion 1927, 245 N.Y. 521, 157 N.E. 842; Ex parte Nabors, 1928, 33 N.M. 324, 267 P. 58. The State cases are appropriate because, in respect of interstate extradition, the Chief Justice of the District Court of the United States for the District of Columbia is acting for the District of Columbia as the governor of a State acts elsewhere. Pursuant to the Constitutional provision above set forth the Congress passed Section 5278 of the United States Revised Statutes, providing:

"Whenever the executive authority of any State or Territory demands any person as a fugitive from justice, of the executive authority of any State or Territory to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any State or Territory, charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the

governor or chief magistrate of the State or Territory from whence the person so charged has fled, it shall be the duty of the executive authority of the State or Territory to which such person has fled to cause him to be arrested and secured, and to cause notice of the arrest to be given to the executive authority making such demand, or to the agent of such authority appointed to receive the fugitive, and to cause the fugitive to be delivered to such agent when he shall appear." [18 U.S.C. § 662 (1934), 18 U.S.C.A. § 662]

And the Congress also passed the Act of March 3, 1901, 31 Stat. 1340, c. 854, sec. 930, providing:

"In all cases where the laws of the United States provide that fugitives from justice shall be delivered up, the chief justice of the supreme court of the District of Columbia [now the District Court of the United States for the District of Columbia, 49 Stat.1921] shall cause to be apprehended and delivered up such fugitive from justice who shall be found within the District, in the same manner and under the same regulations as the executive authorities of the several States are required to do by the provisions of sections 5278 and 5279, title 66, of the Revised Statutes of the United States, and all executive and judicial officers are required to obey the lawful precepts or other process issued for that purpose, and to aid and assist in such delivery." [D.C.Code (1929) tit. 6, § 377]

■ The appellant urges second that a similar application for extradition was made by the Governor of Illinois in 1937 and denied by the Chief Justice of the District Court of the United States for the District of Columbia, and that this action by the Chief Justice is res judicata and bars the present proceeding. The record in the instant case does not show such previous proceeding. A motion to amend the record so as to include the previous proceeding was made orally at the argument. It would be idle to amend the record even if we had power to do so—upon which we express no opinion—because it is too well settled to require citation of authority that the doctrine of res judicata applies only to judicial or at best quasi-judicial proceedings. As will be apparent from the statutes above quoted, the Chief Justice is acting in extradition matters in an executive capacity. The appellant cites no authority to the effect that the doctrine of res judicata applies to extradition proceedings.

■ The appellant urges that his term of sentence has expired by the lapse of more than fourteen years since the imposition of sentence. A statute of Illinois is to the contrary. It provides that should a paroled prisoner:

". . . violate his or her parole agreement, such prisoner or ward so violating such agreement shall from the date of such violation be deemed to owe the State of Illinois service for the remainder of his or her maximum sentence, and . . shall be detained . . . to serve the maximum term of his or her sentence, giving credit only for time faithfully served in prison and on parole before violation: . . .." [Smith-Hurd Ill.Ann.Stat. c. 38, § 808]

The full text of the statute is set forth in the margin.[1]

1. "The Department of Public Welfare may parole a nonresident prisoner or ward, or a prisoner or ward whose family, relatives or friends reside outside of this State, to a person, firm or company in some state other than Illinois, to serve his parole. Such paroled prisoner or ward shall be required to make regular monthly reports in writing to the Department of Public Welfare, obey the rules of said Department of Public Welfare, obey the laws of such other state, and in all respects keep faithfully his parole agreement until discharged as in this Act provided by said department. Should such prisoner or ward so paroled violate his or her parole agreement, such prisoner or ward so violating such agreement shall from the date of such violation be deemed to owe the State of Illinois service for the remainder of his or her maximum sentence, and should such prisoner or ward so violating said parole again at any time return to the State of Illinois, he or she shall be subject to be again arrested or apprehended on the writ or order of the warden, superintendent or managing head of the penitentiary, reformatory or institution from which such prisoner or ward was paroled with full power and authority in the said Department and its employees and agents and all officers as is provided in other cases to return such parole violator to such penitentiary, reformatory or other institution. The case of such parole violator, when so returned shall be brought before the said Department of Public Welfare for determination of such parole violation, and if said Department shall determine upon hearing, such prisoner violated his or her parole agree-

The appellant finally urges that we have equitable power to discharge him and thus interfere with his extradition to Illinois, and that because of the lapse of time since his parole violation, we should do so. We are cited to no authority giving us such power and we know of none. We are further not impressed with the equitable considerations urged. It is without dispute that the defendant committed, was convicted of, and was sentenced for, a serious felony, and that he has not suffered the penalty imposed by law therefor. The record shows nothing concerning his possible rehabilitation during the lapse of the time since his parole violation. If equitable considerations not known to us exist, they will undoubtedly receive the proper consideration of the Governor of Illinois under his pardoning power. We cannot and should not usurp that power by interfering with extradition properly requested.

The order of the trial court discharging the writ and dismissing the appellant's petition is affirmed.

ment, he or she shall be detained in said penitentiary, reformatory or other institution to serve the maximum term of his or her sentence, giving credit only for time faithfully served in prison and on parole before violation: Provided, however, such returned prisoner or ward may again be paroled or discharged earlier than the termination of the maximum sentence in the discretion of the Department of Public Welfare."