MAKTOS et al. v. MATTHEWS.

No. 11196.

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 21, 1952.

Decided Jan. 31, 1952.

Henry J. Siegman, Washington, D.C., with whom Mr. John J. O'Brien, Washington, D.C., was on the brief, for appellants.

Lewis A. Carroll, Asst. U. S. Atty., Washington, D.C., with whom Messrs. Charles M. Irelan, U. S. Atty. at the time the brief was filed, and Joseph M. Howard and Emory W. Reisinger, II, Asst. U. S. Attys., all of Washington, D.C., were on the brief, for appellee. George Morris Fay, U. S. Atty. at the time the record was filed, Washington, D.C., also entered an appearance for appellee.

Before EDGERTON, WILBUR K. MILLER and FAHY, Circuit Judges.

PER CURIAM.

The Chief Judge of the United States District Court for the District of Columbia, after a hearing, ordered the appellants extradited to North Carolina and committed them to the custody of the United States Marshal.[1] Pursuant to their petition, a writ of habeas corpus issued to test the legality of their detention. This appeal is from the order discharging the writ.

Appellants say they were not in North Carolina when the crime was alleged to have been committed, and so were not fugitives from the justice of that state. If so, they were entitled to be released from custody. If not, they were legally held. That was the only issue presented to the trial court.

The North Carolina indictment, a copy of which accompanied the governor's requisition, charged their presence there and, being prima facie proof thereof, was determinative of the issue unless the appellants proved the contrary.[2] As they offered no evidence that they were not in the demanding state at the time alleged in the indictment, the district judge could do nothing but discharge the writ.

The appellants say in their brief, "The Court refused to hear any evidence as to fugitivity and as a result the writ was dis-

1. The Chief Judge of the District Court has executive authority in the District of Columbia in requisition proceedings similar to that of the governors of the several states. 23 D.C.Code (1940) § 401; Lee Won Sing v. Cottone, 1941, 74

App.D.C. 374, 123 F.2d 169; Reed v. Colpoys, 1938, 69 App.D.C. 163, 99 F.2d 396; Hill v. Dorsey, 1927, 57 App.D.C. 305, 22 F.2d 1003.

2. Levy v. Splain, 1920, 50 App.D.C. 31, 267 F. 333.

charged and the petition dismissed." We find nothing in the record to support that statement; on the other hand, we observe that the district judge invited them to make such proof.

Affirmed.