[Crim. No. 2781.    Third Dist.    June 17, 1957.]

In re ALBERT KOSTAL et al., on Habeas Corpus.

Floyd V. Gibbert, Assistant Public Defender (Sacramento), for Petitioners.

Edmund G. Brown, Attorney General, Doris H. Maier, G. A. Strader and Lloyd Hinkelman, Deputy Attorneys General and J. Francis O'Shea, District Attorney, for Respondent.

VAN DYKE, P. J.—Petitioners Kostal and Watson are currently in the custody of the sheriff of Sacramento County pursuant to warrants of extradition issued by the governor of this state.   They petitioned for writs of habeas corpus, claiming that their detention under the extradition warrants is illegal.   This court entered an order directed to the sheriff that he show cause for such detention, and, the attorney general appearing on behalf of respondent, the matter has been briefed, argued and submitted.

Petitioners were sentenced to prison after having been convicted of the crime of robbery in the Superior Court for Los Angeles County.   They were delivered into the custody of the warden of Folsom State Prison.   Each petitioner appealed and the appeals are still pending.   The governor of this state,

upon request of the governor of the State of Colorado, issued warrants of rendition authorizing the delivery of petitioners to agents of Colorado. Respondent sheriff, pursuant to the warrants, took custody of petitioners. Petitioners do not challenge the sufficiency of the showing made by the applications for extradition nor do they deny they are fugitives from the justice of the State of Colorado. They do contend that the governor of this state does not have the power to issue warrants of rendition while they are confined to prison serving sentence and while they are prosecuting appeals from the judgments of conviction.

We have carefully examined the cases cited in support of and in opposition to the validity of the warrants of rendition issued by the governor of this state and have concluded that the governor acted within his power in issuing the warrants. Although there is some conflict, the weight of authority clearly preponderates in favor of the right and power of the governor of an asylum state to grant extradition of a fugitive from the justice of a sister state upon a proper demand although at the time the demand is made the fugitive, having broken the laws of the asylum state, is serving an uncompleted sentence imposed upon him; and that extradition may also be granted even though the courts of the asylum state are, when the demand is made, engaged in proceedings upon charges for breach of the laws of the asylum state and have not yet completed such proceedings. We think it unnecessary to discuss in detail the various holdings made and various situations arising under extradition laws. The majority rule, so far as material here, is well expressed in 35 Corpus Juris Secundum "Extradition," section 11, page 328, as follows:

"If at the time of the demand accused is held on a criminal charge in the state where he is a fugitive, he need not be surrendered until after the judgment of that state is satisfied. However, while there is some authority to the contrary, it is usually held that the executive of the asylum state may waive the right of that state to retain the prisoner, and may surrender him to the demanding state, before or after the fugitive's arrest, on his acquittal, or after his conviction and while he is still undergoing, or subject to, punishment in the asylum state."

We are in accord with the views so expressed and accordingly hold that the writs prayed for should not issue.

Petitioners rely upon the Supreme Court's decision in the

case of *In re Peterson,* 14 Cal.2d 82 [92 P.2d 890]. We find nothing stated in the opinion in that case which conflicts with the views herein expressed.

Writs denied.

Schottky, J., and Warne, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.