**John T. HOFFMAN, Appellant,**
v.
**UNITED STATES of America,**
**Appellee.**

**No. 22348.**

United States Court of Appeals
District of Columbia Circuit.

Decided Oct. 15, 1968.

Mr. George C. Dreos, Washington, D. C., was on the pleadings for appellant.

Messrs. David G. Bress, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on appellee's motion to dismiss.

Before McGowan, Tamm and Leventhal, Circuit Judges, in Chambers.

ORDER

PER CURIAM.

This cause came on for consideration on the original record on appeal from an order of the District Court denying pre-trial release on bail and the Court having considered the record on appeal, appellant's memorandum of law and fact and appellee's motion to dismiss appeal for want of jurisdiction, it is

Ordered by the Court that this appeal is dismissed for lack of jurisdiction in light of the attached opinion.

Circuit Judge TAMM did not participate in the foregoing order.

PER CURIAM:

Appellant is the subject of a fugitive warrant issued by the Court of General Sessions based upon a complaint brought by the Municipal Court, Rapid City, South Dakota, charging him with the felonious embezzlement of an automobile jack worth over $50. Pending an extradition hearing before the Chief Judge of the District Court, D.C.Code § 23–401 (1967), appellant sought release by application to the Court of General Sessions, D.C.Code § 23–404 (1967), and bond was ultimately set at $1000. Unable to post that amount, appellant sought review of that order by motion before the Chief Judge of the District Court and appealed the ensuing denial to this court. Appellee has filed a motion to dismiss this appeal for lack of jurisdiction. Thus the issue presented is whether the appeal from the conditions of release set in General Sessions Court should have been to the District of Columbia Court of Appeals rather than the course taken by appellant.

The Bail Reform Act is made applicable to this proceeding by D.C.Code

§ 23–909 (1967), which states that "The Bail Reform Act of 1966 * * * shall apply to any person detained pursuant to law or charged with an offense in the District of Columbia." The Act provides that appeal from an order setting conditions of release is by motion to the "court having original jurisdiction over the offense" and then by appeal to the appropriate appellate court. 18 U.S.C. § 3147 (Supp. III 1965–1967). Appellant, perhaps understandably confused by the unusual role in extradition played by the Chief Judge of the District Court in this jurisdiction, sought release from the Chief Judge as the person having "original jurisdiction" over the proceeding. Denied relief there, he appealed to this court. It appears to us, however, that under the circumstances of this case, review should have been sought by direct appeal to the District of Columbia Court of Appeals.

The General Sessions Court is empowered to issue a warrant and detain a person when it appears that the executive authority of another state may lawfully demand him of the Chief Judge as a fugitive. That detention may be continued thirty days, and if no demand is made within that time, the person must be released, D.C.Code §§ 23–403, 404 (1967). This detention, and the setting of bail for this detention, are the only judicial proceedings involved in extradition. For although the Chief Judge of the District Court presides at an extradition hearing, it is in an executive capacity rather than a judicial one. Maktos v. Matthews, 90 U.S.App.D.C. 183, 184 n. 1, 194 F.2d 354 n. 1 (1952). There is no appeal from his decision, and the only judicial avenue of relief is *habeas corpus*. Thus there is no "court having original jurisdiction over the offense" within the meaning of the Bail Reform Act, and its scheme of review is inapplicable. Instead, the appeal should be to the District of Columbia Court of Appeals in the exercise of its normal review of final orders issued by the General Sessions Court.

Our holding today is addressed only to the situation existing subsequent to an order of detention by the General Sessions Judge and prior to the extradition hearing. It should not be read as barring bail review by the district court in every phase of an extradition case. If the decision of the Chief Judge to grant extradition is challenged by *habeas corpus* in the district court, a motion for release would be properly addressed to that court. Also, if the warrant of arrest and detention pending extradition were ordered by the Chief Judge of the District Court pursuant to § 23–401 (1967), the motion for release on bail should be addressed to him and appeal would be to this court.

Since this court is without jurisdiction, the appeal is dismissed.