360 A.2d 498 (1976)
In the Matter of G. C. S., Appellant.
No. 10193.
District of Columbia Court of Appeals.
Argued December 10, 1975.
Decided July 16, 1976.
*499 Wallace J. Mlyniec, Washington, D.C., for appellant.
Michael J. Dowd, Jr., Asst. Corp. Counsel, Washington, D.C., with whom C. Francis Murphy, Corp. Counsel at the time the brief was filed, and Louis P. Robbins, Principal Asst. Corp. Counsel, Washington, D.C., were on the brief, for appellee.
Before NEBEKER and YEAGLEY, Associate Judges, and BLOCK, Associate Judge, Superior Court of the District of Columbia.[*]
YEAGLEY, Associate Judge:
This appeal arises upon an order of the Superior Court directing that appellant, a 15-year-old male, be delivered to officials of Prince George's County, Maryland to answer a charge of storehouse breaking and entering, a violation of Md.Ann.Code 1957, Art. 27, § 30. The order was entered upon a petition for requisition filed by the State of Maryland pursuant to Articles V and XVII of the Interstate Compact on Juveniles to which both the District of Columbia and the State of Maryland are parties.[1] We affirm but remand for a redetermination of the District of Columbia's consent to appellant's rendition.
In December 1973, appellant pled guilty to a charge of unlawful entry. He was committed thereafter to the District of Columbia's Social Rehabilitation Agency. In August 1975, appellant escaped from custody, but was soon rearrested in the District and charged with having received stolen property that had been removed from an automobile dealership in Prince Georges County during his abscondance.
On August 26, 1975, the day after the arrest here, a delinquency petition was filed in Maryland charging appellant with storehouse breaking and entering in connection with the robbery of the automobile dealership. The Family Division of the Circuit Court for Prince George's County thereafter issued a requisition for appellant's return to Maryland pursuant to the provisions of Articles V and XVII of the Interstate Compact on Juveniles. The requisition was received on October 16, 1975. After a hearing in the Superior Court an order of rendition was entered and this appeal followed.
Appellant contends that the trial court erred by refusing to determine whether rendition to Maryland would be in his "best interests". He argues specifically that the trial court should have denied rendition because he was already in rehabilitative custody and his return to Maryland *500 would add a superfluous charge to his history of delinquency.
We concur in the ruling of the trial court that it did not possess the power of review ascribed to it by the appellant. Article V of the Compact, made applicable to an action of this kind by Article XVII, specifically directs that a fugitive be returned to the demanding state if the supporting papers submitted by the demanding state be found in order except that if there is pending in the rendering state any criminal charge or proceeding to have him adjudicated a delinquent he shall not be returned without the consent of such state. Appellant does not dispute that the documents submitted by the Maryland authorities complied with the technical requirements of the Compact. Nor does he raise any of those matters which comprise the limited defenses which may be raised against a petition for rendition; viz., that he is the person named in the Maryland petition, that the petition substantially charges him with a crime, or that he was present in the State of Maryland at the time the crime was allegedly committed. Martin v. Maryland, D.C.App., 287 A.2d 823 (1972); Bruzaud v. Matthews, 93 U. S.App.D.C. 47, 207 F.2d 25 (1953).
Super.Ct.Juv.R. 48(b), relied on heavily by the appellant, is inapposite. The rule reads in pertinent part:
Even though the Division may have acquired jurisdiction, it may at any time during or at the conclusion of any hearing dismiss a petition and terminate the proceedings relating to the child, if such action is in the interests of justice and the welfare of the child. . . .
Appellant argues that because the rule antedates the Compact it is made applicable to a proceeding for juvenile rendition by the provision in Article II of the Compact that the remedies and procedures of the Compact are in addition to, and not in substitution of, other rights, remedies and procedures.
We disagree. A rule of court cannot enlarge or restrain a court's jurisdiction, nor abrogate or enlarge substantive law. Washington-Southern Navigation Co. v. Baltimore & Philadelphia Steamboat Co., 263 U.S. 629, 635, 44 S.Ct. 220, 68 L. Ed. 480 (1924). Cf. In re M.C.F., D.C. App., 293 A.2d 874 (1972).[2] Such would be the result here if rule 48 were read as permitting the trial court to void provisions of the Compact by refusing to deliver a fugitive juvenile to the demanding state on the ground of social policy. Moreover, we find no authority for appellant's proposition that the rule was intended to apply in these circumstances. The rules are not addressed to a proceeding for rendition but are designed to aid in the adjudication of a charge of delinquency with a view toward reaching a disposition which balances the juvenile's interests with those of the public. Super.Ct.Juv.R. 2.[3] The sole issue in the instant proceeding is whether the State of Maryland is entitled to appellant's return. The disposition to be made on the underlying charge is a matter properly cognizable only in the Maryland courts, which, we must presume, will give due consideration to appellant's needs for supervision and rehabilitation. Cf. Lathan v. Reid, 108 U.S. App.D.C. 58, 61-62, 280 F.2d 66, 69-70, cert. denied, 364 U.S. 865, 81 S.Ct. 107, 5 L.Ed.2d 86 (1960). See Md.Ann.Code 1957, Art. 26, § 70-19; In re Roberts, 13 Md.App. 644, 284 A.2d 621 (Md.Ct.Spec. App. 1971); In re Wooten, 13 Md.App. 521, 284 A.2d 32 (Md.Ct.Spec.App. 1971).[4]
*501 Appellant also argues that the trial court erred in permitting counsel for the District of Columbia to tender the District's consent to the Maryland petition.[5] Article V of the Compact provides that if a fugitive juvenile is subject to prosecution, detention, or supervision in the asylum state, he may not be returned to the demanding state without the asylum state's consent. While we agree that the District's consent could not properly be exercised by the Assistant Corporation Counsel appearing at the hearing absent an express delegation of that power, we disagree with appellant's proposition that the power could be exercised by the trial judge. Although executive authority under the extradition statute has been assigned to the Chief Judge of the Superior Court,[6] such authority has not been delegated to him with respect to actions brought under the Compact.
To the contrary, the Code assigns the administrative authority of the District of Columbia in matters relating to the Interstate Compact on Juveniles to the executive officer designated as the "compact administrator" by the Mayor-Commissioner. D.C.Code 1973, § 32-1103. The Mayor's designation does not appear of record.[7]
We remand in order that the trial court may identify the "compact administrator" and solicit his grant or denial of the District's consent to appellant's rendition. The right of consent is not that of the fugitive juvenile but that of the District and is unqualified by the Compact. Once properly exercised, it is not subject to review.[8] If on remand the District's consent should be forthcoming, the trial court must of necessity grant the petition for rendition and no issue disposed of herein can form the basis of an appeal.
In order to avoid confusion, we suggest that in this and future cases under the Compact, the District's consent should be submitted in a writing which the trial court may then attach to its final order. The writing should state the conditions, if any, the District intends to impose on the juvenile's release to the demanding state. Specifically, the writing should state whether the District releases the juvenile solely for a hearing on the charge filed in the demanding state so that it may reclaim appellant thereafter for further disposition on the juvenile proceedings which preceded the action for rendition or whether it waives its custody for whatever supervision may be imposed by the courts of the *502 demanding state should the charge be proven.[9]
So ordered.
NOTES
[*] Sitting by designation pursuant to D.C.Code 1973, § 11-707(a).
[1] See D.C.Code 1973, § 32-1101 et seq.; Md. Ann.Code 1957, Art. 41, § 387 et seq. Since Congress has specifically authorized the District of Columbia to enter the Compact with the states, no problem is posed by Art. 1, § 10 of the Constitution which provides that no state shall enter into an agreement or compact with another state without congressional consent. See 4 U.S.C. § 112 (1970).
[2] In In re M.C.F., supra, we rejected the contention that the dismissal power provided for by rule 48(b) exceeds the statutory framework applicable to the disposition of delinquency proceedings in the District of Columbia.
[3] See Super.Ct.Juv.R. 7(c) which describes the petition referred to in R. 48(b).
[4] By order entered after the plea to unlawful entry in December 1973, appellant was to be provided the services of a plastic surgeon to correct a serious disfiguring facial injury appellant suffered in his infancy. Appellant's counsel has informed this court that the examining physicians have determined that because of the extensive skin grafting which will be necessary, the operation should be postponed until appellant is an adult.
[5] The District's acquiescence was tendered in the following colloquy at the hearing:

THE COURT: All right, now, the Compact states that if there are proceedings pending in this jurisdiction, then the respondents cannot be sent to the demanding state unless the respondent jurisdiction, that is the District of Columbia, consents to them being sent back. And, the very fact that Mr. Pollock [Assistant Corporation Counsel] is here, I am assuming that they are consenting?
MR. POLLOCK: Very definitely, Your Honor. That is our interpretation of the statute also.
[6] D.C.Code 1973, § 23-704. See Maktos v. Matthews, 90 U.S.App.D.C. 183, 194 F.2d 354 (1952); Reed v. Colpoys, 69 App.D.C. 163, 99 F.2d 396, cert. denied, 305 U.S. 598, 59 S.Ct. 97, 83 L.Ed. 379 (1938); Hill v. Dorsey, 57 App.D.C. 305, 22 F.2d 1003 (1927).
[7] The "compact administrator" serves at the pleasure of the Mayor. D.C.Code 1973, § 32-1103. In the absence of an appointment of an executive officer to serve in that capacity, the power of consent will rest with the Mayor.
[8] Beavers v. Haubert, 198 U.S. 77, 25 S.Ct. 573, 49 L.Ed. 950 (1905); Application of Kostal, 151 Cal.App.2d 739, 312 P.2d 280 (Cal.3d Dist.Ct.App.1957); People ex rel. Gallagher v. Hagan, 34 Misc. 85, 69 N.Y.S. 475 (Spec.T. [N.Y.Co.] 1901). See generally Comment, "Interstate Rendition: Executive Practices and the Effects of Discretion", 66 Yale L.J. 97 (1956); 35 C.J.S. Extradition § 11 (1960).
[9] A precise statement of any conditions to the District's consent may be necessary to determine the District's ability to reclaim custody of the appellant for further disposition on the charges pending in the District. See State ex rel. Eberle v. Warden, 192 Md. 731, 65 A.2d 291 (Md.), cert. denied, 338 U.S. 835, 70 S.Ct. 42, 94 L.Ed. 510 (1949); Rau v. McCorkle, 47 N.J.Super. 36, 135 A. 2d 224 (N.J.Super.Ct.1957).