## 870

**Donald W. MORGAN, Petitioner,**

v.

**Honorable Robert E. McNAIR, Governor of South Carolina, Respondent.**

Civ. A. No. 69–620.

United States District Court
D. South Carolina,
Columbia Division.

July 11, 1969.

Donald W. Morgan, pro se.

Daniel H. McLeod, Atty. Gen., Emmet H. Clair, Asst. Atty. Gen., Columbia, S. C., for respondent.

## ORDER

DONALD RUSSELL, District Judge.

This matter comes before me on a petition to restrain the Governor of South Carolina from honoring an anticipated request of the State of North Carolina for the extradition of the petitioner to that State to stand trial upon certain criminal charges pending against him in that State. Passing over the issue of jurisdiction to entertain an action which would enjoin *in futuro* the Governor of a sovereign state in the exercise of his duties in extradition proceedings and treating this as a petition in *habeas corpus*[1] the petition is plainly without merit.

■ No request has been made upon the Governor of South Carolina for the extradition of the petitioner. The petitioner has merely been advised by his North Carolina attorney that the latter understands such request will be made. Under such circumstances, it would seem clear at the outset that the proceeding here is premature.

Petitioner does not deny that criminal charges are pending against him in North Carolina; in fact, he affirmatively alleges that such criminal charges are pending against him in North Carolina. He admits his identity as the person so involved. By these allegations, he establishes affirmatively the absence of any normal basis for relief in *habeas corpus* against extradition. As the Court said in Woods v. Cronvich (C.C.A. 5, 1968) 396 F.2d 142, 143:

> "The courts of the asylum state are limited (in habeas corpus proceedings filed in connection with extradition proceedings) to deciding whether (1)

---

1. For federal jurisdiction to test extradition in *habeas corpus*, see, Day v. Keim (C.C.A. 4, 1924) 2 F.2d 966, 967. But, cf. Morgan v. Horrall (C.C.A. 9, 1949)

175 F.2d 404, 407, cert. den. 338 U.S. 827, 70 S.Ct. 76, 94 L.Ed. 503, on exhaustion of state remedies.

a crime has been charged in the demanding state; (2) the fugitive in custody is the person so charged; and (3) the fugitive was in the demanding state at the time the alleged crime was committed."

See, also, Bruzaud v. Matthews (1953) 93 U.S.App.D.C. 47, 207 F.2d 25, 26; People ex rel. Hayes v. McLaughlin (1928) 247 N.Y. 238, 160 N.E. 357, 358, cert. denied 278 U.S. 599, 49 S.Ct. 8, 73 L.Ed. 529; Moulthrope v. Matus (1952) 139 Conn. 272, 93 A.2d 149, cert. denied 345 U.S. 926, 73 S.Ct. 785, 97 L.Ed. 1357.

██ The petitioner's sole objection to extradition is that such action, if taken, would interfere with the prosecution of a civil action which he has pending in this Court. He would bulwark this claim with the suggestion that there may be some collusion between the authorities in North Carolina seeking his extradition and the defendants in his suit pending in this Court to extradite him to North Carolina so as to embarrass or inconvenience him in his suit in this Court. The mere fact that, to extradite him to North Carolina at this time, may inconvenience him in his suit in this Court can give rise to no constitutional right in the petitioner to avoid extradition and thus to escape trial in North Carolina on charges properly pending in that State. Nor will the charge that the anticipated demand by North Carolina for his extradition is prompted by collusion between the authorities in North Carolina and the defendants in his suit in this Court, seeking to impede his prosecution of his suit here, give petitioner any rights to invoke the jurisdiction of this Court to restrain his extradition. It is settled that the motives of the demanding State is not a proper subject of inquiry by the Court. Drew v. Thaw (1914) 235 U.S. 432, 439, 35 S.Ct. 137, 59 L.Ed. 302; Pettibone v. Nichols (1906) 203 U.S. 192, 203–204, 27 S.Ct. 111, 51 L.Ed. 148; Ex Parte Massee (1913) 95 S.C. 315, 321, 79 S.E. 97, 46 L.R.A.,N.S., 781; People ex rel. Carr v. Murray (1934) 357 Ill. 326, 192 N.E. 198, 200–201, 94 A.L.R. 1487, with annotation. As Mr. Justice Holmes pithily put it in the *Drew Case* (235 U.S. p. 439, 35 S.Ct. p. 138), "There is no discretion allowed, (the Court in suits to interfere with extradition proceedings) no inquiry into motives".

Moreover, the suggestion that the anticipated demand for his extradition may be for the purpose of interfering with the prosecution of his suit in this Court loses credibility in the light of petitioner's allegation in his petition that "since March, 1969, the State of North Carolina has been engaged in various efforts designed to bring about his extradition to that State". Petitioner's action in this Court was not filed until May, 1969.

Since, for the reasons stated, the petition, viewed most favorably to the petitioner, contains no allegations entitling petitioner to relief herein, it will be dismissed. The request of petitioner to proceed *pro forma pauperis* is granted.

And it is so ordered.