852 F.2d 335
 Clark MERSHON; Paul Mershon; Gary Mershon, Appellants,
v.
Harold KYSER, Individually and in his Official Capacity as
Prosecuting Attorney of Bates County, Missouri 64730; Hugh
Jenkins, Individually and in his Official Capacity as
Assistant Prosecuting Attorney of Bates County, Missouri
64730; Missouri Farmers Association, Inc., Brian Griffith;
William R. Beasley, Appellees.
 No. 88-1141.
 United States Court of Appeals,
Eighth Circuit.
 Submitted June 9, 1988.
Decided July 21, 1988.
 
 Karen K. Howard, Kansas City, Mo., for appellants.
 Wayne H. Hoecker, Kansas City, Mo., and Harold Kyser, Butler, Mo., for appellees.
 Before McMILLIAN, JOHN R. GIBSON and MAGILL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Clark, Paul and Gary Mershon appeal from the final order of the District Court[1] for the Western District of Missouri denying their motions for a temporary restraining order and preliminary injunction to enjoin pending state criminal prosecutions against them. For reversal, the Mershons argue that the district court erroneously failed to apply the "bad-faith or harassment" exception to the abstention doctrine of Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) (Younger ). For the following reasons, we affirm.
 
 
 2
 In 1986 the Mershons, who operated a farming business, executed a promissory note with Missouri Farmers Association, Inc. (MFA). On June 2, 1987, MFA, through its attorney Brian Griffith, filed a civil action against the Mershons in Boone County, Missouri, for monies allegedly due and owing under the promissory note. Also on June 2, 1987, William Beasley, an MFA employee, signed a state criminal complaint charging the Mershons with defrauding a secured creditor in violation of Mo.Rev.Stat. Sec. 570.180 (1986), a class D felony punishable by imprisonment.
 
 
 3
 On July 6, 1987, the Mershons counterclaimed in MFA's civil suit on the ground that MFA had breached its obligations under the note. Thereafter, on August 21, 1987, the criminal complaint against the Mershons was filed in the Circuit Court of Bates County, and arrest warrants were issued. On October 28, 1987, Clark Mershon was arrested at his place of employment in Tribune, Kansas, and extradition proceedings were initiated against him.
 
 
 4
 On November 20, 1987, the Mershons filed suit in federal district court under 42 U.S.C. Sec. 1983 against Bates County prosecuting attorneys Harold Kyser and Hugh Jenkins (to whose father the Mershons allegedly owed money in connection with leased land), as well as MFA and its agents, Griffith and Beasley, alleging violations of the Mershons' constitutional rights arising out of the state criminal proceedings. The Mershons in essence alleged that the criminal proceedings were instituted in bad faith for the purpose of coercing monies from the Mershons and strengthening MFA's hand in the civil suit. Simultaneously, the Mershons filed an ex parte motion for a temporary restraining order and a motion for a preliminary injunction against Kyser and Jenkins to quash the criminal complaints and warrants, and enjoin the state criminal and extradition proceedings. Specifically, they argued that they were subject to immediate and irreparable injury and would be "deprived of their federal right not to be subjected to a bad faith prosecution, or a prosecution brought for purposes of harassment," as well as "their constitutional right to life, liberty, or property without due process of law and their constitutional right to the equal protection of the law." They also claimed deprivation of their rights to privacy and not to be arrested without probable cause.
 
 
 5
 The district court denied the motions for injunctive relief on the basis that the Mershons' allegations of bad-faith prosecution and harassment, even if accepted as true, were insufficient as a matter of law to overcome the Younger abstention doctrine. This timely interlocutory appeal followed.
 
 
 6
 In Younger the Supreme Court held that "a federal court must not, save in exceptional and extremely limited circumstances, intervene by way of either injunction or declaration in an existing state criminal prosecution." Younger, 401 U.S. at 56, 91 S.Ct. at 757 (footnote omitted). An exception does exist when the prosecution is initiated "to retaliate for or discourage the exercise of constitutional rights," as recently discussed by this court in Lewellen v. Raff, 843 F.2d 1103, 1108-1109, 1112 n. 10 (8th Cir.1988). After carefully reviewing the record in the present case, however, we conclude that the exercise of the Mershons' constitutional rights is not implicated so as to overcome the Younger abstention doctrine.
 
 
 7
 Accordingly, we affirm the order of the district court.
 
 
 
 [1]
 The Honorable Joseph E. Stevens, Jr., United States District Judge for the Western District of Missouri