873 F.2d 1439
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William A. MacGUIRE, Plaintiff-Appellant,
v.
Alan RASMUSSEN; Robert Q. Harris; Gerald Baliles,
Governor; Robert Martinez, Governor, Defendants-Appellees.
 No. 88-6791.
 United States Court of Appeals, Fourth Circuit.
 Submitted: March 8, 1989.
Decided: April 4, 1989.
Rehearing and Rehearing In Banc Denied May 3, 1989.
 
 William A. MacGuire, appellant pro se.
 Before DONALD RUSSELL, K.K. HALL and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 William A. MacGuire, a Virginia resident, filed this suit on July 21, 1988, against government officials of Virginia and Florida, seeking an order preventing his arrest and extradition from Virginia to Florida in connection with charges that in 1985, MacGuire threatened then-governor Bob Graham. MacGuire also sought declaratory relief and nominal damages for what he considered to be violations of his constitutional rights. After a hearing, the district court denied injunctive relief and dismissed the complaint. We affirm.
 
 
 2
 According to the complaint, MacGuire was afraid that as a result of his appearance at a hearing in Virginia traffic court scheduled for July 28, 1988, he would be arrested and extradited to Florida as a probation violator. MacGuire asserted that he could not be lawfully extradited because the ten-year sentence of probation rendered against him by a Florida court in 1986 for threatening a public official was void. He argued that the Florida court lacked jurisdiction to convict him because he was not indicted, but instead was proceeded against under an information. Extradition was also improper, according to MacGuire, because the alleged threats against Governor Graham emanated from Virginia, not Florida.[1]
 
 
 3
 MacGuire's complaint contained no allegation or proof that he was ever arrested in Virginia, or that extradition proceedings had commenced in that state as of the complaint's date. Thus, although constitutional infirmities with extradition are cognizable under 42 U.S.C. Sec. 1983, see Arebaugh v. Dalton, 730 F.2d 970, 972 (4th Cir.1984); Wirth v. Surles, 562 F.2d 319, 323 (4th Cir.1977), cert. denied, 435 U.S. 33 (1978), MacGuire's suit was premature. This was so regardless of whether the suit was properly characterized as a civil rights suit or a habeas corpus action. See Morgan v. McNair, 301 F.Supp. 870 (D.S.C.1969). Finally, in addition to its prematurity, MacGuire's request for injunctive relief preventing his extradition was foreclosed under Younger v. Harris, 401 U.S. 37 (1971). See Mershon v. Kyser, 852 F.2d 335 (8th Cir.1988); McDonald v. Burrows, 731 F.2d 294, 298 (5th Cir.1984); United States ex rel. Frisbee v. Rapone, 449 F.Supp. 509 (E.D.Pa.1978). Accordingly, we affirm the order of the district court.[2]
 
 
 4
 We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 We note that MacGuire's claims appear to raise matters properly pursued as defenses to his Florida prosecution rather than as defenses to his extradition
 
 
 [2]
 The precise basis for the district court's dismissal is not revealed in the record due to the absence of a transcript of the proceedings in that court. However, MacGuire has not presented a substantial question warranting production of a transcript at government expense, see 28 U.S.C. Sec. 753(f), nor do we perceive any basis for disturbing the district court's judgment