Benjamin T. GRACI, Jr., etc., et al., Plaintiffs-Appellants,

v.

UNITED STATES of America, Defendant-Third-Party Plaintiff-Appellee,

v.

BOARD OF COMMISSIONERS OF the PORT OF NEW ORLEANS, Third-Party Defendant-Appellee.

No. 72–1286.

United States Court of Appeals, Fifth Circuit.

Jan. 9, 1973.

See also, 456 F.2d 20.

Elmer R. Tapper, Chalmette, La., Evangeline M. Vavrick, New Orleans, La., for Galjour, Tapper and Appel.

Gibson Tucker, Jr., Charles A. O'Niell, Jr., Jerald N. Andry, G. Gilbert V. Andry, III, New Orleans, La., for Graci.

Charles G. Jacques, Jr., New Orleans, La., for Reid.

Benjamin J. Birdsall, Jr., James F. Mulla, Jr., Joseph J. Laura, Jr., Ignatz G. Kiefer, New Orleans, La., for Ciaccio.

Gerald J. Gallinghouse, U. S. Atty., Mary W. Cazales, James D. Carriere, Asst. U. S. Attys., New Orleans, La., for United States.

Charles M. Lanier, Sumter D. Marks, Jr., New Orleans, La., for Board of Commissioners of the Port of New Orleans.

Before RIVES, THORNBERRY and GOLDBERG, Circuit Judges.

THORNBERRY, Circuit Judge:

Plaintiff-appellant Graci appeals from the district court's denial of his motion that his suit under the Federal Tort Claims Act be declared a class action. We dismiss this appeal for want of jurisdiction because we find the order denying the class action is not a final order under 28 U.S.C.A. § 1291 and is not otherwise appealable.

Swollen by the rains of Hurricane Betsy and the accompanying tidal surge from the Gulf of Mexico, the waters of the Mississippi River overflowed their levees in September of 1965 and flooded large parts of South Louisiana. Graci, who owned property and resided in the afflicted area at the time of the hurricane, filed suit against the United States under the Federal Tort Claims Act, 28 U.S.C.A. § 1346, alleging that the negligence of the United States Corps of Engineers in constructing the Mississippi River-Gulf Outlet, a deep water channel, without taking proper precautions to protect adjacent areas from hurricane flooding had proximately caused the inundation of his property. He alleged $28,700 of property damage and $50,000 of damage due to mental anguish and inconvenience. In addition to pressing his individual claim, Graci attempted to sue under Rule 23, Fed.R.Civ.P., on behalf of all persons who owned property in a certain portion of the flooded area. Four similar suits against the United States, two of which were also filed as class actions, have been consolidated with Graci's suit. The named individual plaintiffs in all these suits number

231 and their claims total over three million dollars. The United States denied liability to the plaintiffs and filed a third-party complaint against the Board of Commissioners of the Port of New Orleans, claiming indemnity for any sums the Government might eventually become obligated to pay as a result of the lawsuits. Graci moved that his suit be declared a class action and that he be declared representative of the class, and the other named plaintiffs filed similar motions, which were consolidated with Graci's for hearing. The district court denied all the motions, and Graci alone appeals from this ruling.

When a district court denies class action status for a lawsuit without disposing of the claims of the individual named plaintiff, this denial is not an appealable final order under 28 U.S.C.A. § 1291 unless it effectively sounds the "death knell" of the suit and denies the individual plaintiff his day in court. Gosa v. Securities Investment Company, 5th Cir. 1971, 449 F.2d 1330; see generally 3B J. Moore, Federal Practice ¶ 23.97 (2d ed. 1969); 7A C. Wright & A. Miller, Federal Practice and Procedure § 1802 (1972). The death knell exception is considered part of the collateral order doctrine, which confers appealability on a small class of interlocutory orders

> which finally determines claims of right separate from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.

Cohen v. Beneficial Industrial Loan Corporation, 1949, 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528; see also Norman v. McKee, 9th Cir. 1970, 431 F.2d 769, 773. The death knell exception applies and renders a denial of class action status appealable under 28 U.S. C.A. § 1291 when the appellate court, considering the size of the individual plaintiff's claim, the extent of his financial resources, and the probable expense of prosecuting the lawsuit to completion, determines the individual plaintiff cannot feasibly continue to litigate his claim alone. A plaintiff wishing to appeal an adverse ruling on class action status bears the burden of establishing in the trial forum facts which bring him within the death knell exception. Gosa v. Securities Investment Company, supra.

The posture of the instant case on appeal precisely parallels that of the Gosa case. Since appellant did not introduce evidence below to show the extent of his financial resources or the anticipated cost of the litigation, "aside from knowing the dollar amount claimed, we have nothing on which to base our necessarily ad hoc determination." Gosa v. Securities Investment Company, supra, at 1332. An individual claim may be so small that the unfeasibility of litigation by the individual plaintiff is clear without any further showing, see, e. g., Eisen v. Carlisle and Jacquelin, 2d Cir. 1966, 370 F.2d 119, cert. denied 386 U.S. 1035, 87 S.Ct. 1487, 18 L.Ed.2d 598 ($70 claim), but the claim in this case is relatively large. In Gosa this Court held that an individual claim for $3,322.20 was not so small as to call for application of the death knell exception without any further showing; a fortiori Graci's claim of $78,700, standing alone, is not small enough to show the unfeasibility for this individual plaintiff of litigating his claim to final adjudication in the district court.

Appeal dismissed.