Landella V. KANELOS et al., Appellants,

v.

DISTRICT OF COLUMBIA, a Municipal
Corporation, Appellee.

No. 8998.

District of Columbia Court of Appeals.

Argued July 8, 1975.

Decided Oct. 21, 1975.

Joseph B. Calandriello, Washington, D. C., for appellants.

Leo N. Gorman, Asst. Corp. Counsel, Washington, D. C., with whom C. Francis Murphy, Corp. Counsel, Louis P. Robbins, Principal Asst. Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellee.

Before KELLY and FICKLING, Associate Judges, and HOOD, Chief Judge, Retired.

KELLY, Associate Judge:

The issues raised in this appeal are whether the trial court's denial of class action status to appellant's complaint under Super.Ct.Civ.R. 23 is an appealable order and, if so, whether on the merits that denial was improper.

I

Appellant resides in D.C. Village, an institution for the care and rehabilitation of physically disabled persons which is owned and operated by the District of Columbia. She is the recipient of Social Security benefits and has designated the District as the representative payee for payments made to her by the Social Security Administration.

Appellant brought suit against the District on behalf of herself and all others similarly situated in a three-count complaint alleging breach of trust. Count one asked that the District account for interest lost on her surplus funds which it controlled and that the District be compelled

to place those funds in interest-bearing bonds or in a savings account. Count two asked that the District account for Social Security benefits wrongfully expended on her maintenance and medical assistance because of the receipt of other federal monies for that purpose [Medicaid], and that in future the District expend her funds solely for her use and benefit in other ways. Count three requested an accounting of life insurance premiums she was forced to pay out of her personal and incidental-needs fund; of life insurance proceeds from policies which were assigned under duress to the District, and for the cancellation of such policy assignments. In each count appellant asked for attorneys' fees and costs.

Appellant filed a simultaneous motion to certify the suit as a class action under Super.Ct.Civ.R. 23.[1] After a hearing and upon receipt of certain additional information the motion was denied, the court holding that there was little risk of inconsistent adjudications[2] and that a class action would not be superior to other methods of adjudicating the controversy.[3]

## II

The District asserts that a denial of class action status is not an appealable order under D.C.Code 1973, § 11-721(a)(1). It cites the case of *Williams v. Mumford,* 511 F.2d 363, 366 (D.C.Cir. 1975), for the prevailing law that, in general, an order refusing to certify a class action is not a final decision.[4]

[A]n order refusing to certify a class action is generally not a final decision within the meaning of section 1291. It does not dispose of litigation. It is purely procedural in nature, in that it determines merely the parties to the action without expressing any judgment as to the merits of the case. Moreover, the

---

1. Rule 23, CLASS ACTIONS, provides in pertinent part:

   (a) *Prerequisites to a Class Action.* One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

   (b) *Class Action Maintainable.* An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

   (1) the prosecution of separate actions by or against individual members of the class would create a risk of

   (A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

   (B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

   (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

   (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

2. Rule 23(b)(1)(A).

3. Rule 23(b)(3).

4. The court in *Mumford* was speaking of 28 U.S.C. § 1291 (1970), a like statute to § 11-721.

correctness of the District Court's determination does not evade review since it, along with other procedural decisions, is brought up on appeal after final disposition on the merits. [Footnote omitted.]

There are two exceptions to this rule, however: the first being when a refusal to review would as a practical matter end the litigation; the second where effective appellate review is denied. The first, the "Death Knell" exception, applies where the plaintiff "has such a small monetary or other interest to be vindicated . . . that it would not be worth the plaintiff's time to continue the action. . . ." *Id.* at 366.

> The death knell exception applies . . . when the appellate court, considering the size of the individual plaintiff's claim, the extent of his financial resources, and the probable expense of prosecuting the lawsuit to completion, determines the individual plaintiff cannot feasibly continue to litigate his claim alone. . . . [*Graci v. United States,* 472 F.2d 124, 126 (5th Cir.), *cert. denied,* 412 U.S. 928, 93 S.Ct. 2752, 37 L.Ed.2d 155 (1973).]

The second exception, the Collateral Order doctrine, occurs when there is a controversy subsidiary to the main litigation the determination of which would evade review after final disposition of the case; for example, a decision which deprives one party of a benefit he would otherwise have during the litigation or forces him to incur a detriment which he will be unable to recoup. *Williams v. Mumford, supra* at 366, 368–69.[5]

■ The amounts claimed by appellant under Counts I and III of the complaint for the period October 1, 1971 (the apparent date the District became her representative payee) to June 21, 1974 (the date the complaint was filed) are loss of interest, $375, and insurance premiums, $163.50.[6] These monetary interests are indeed small, but since we are not told with any specificity the amount of the Social Security payments to be accounted for, which could be substantial, we deem the record insufficient to determine whether appellant comes within the "Death Knell" exception and thus whether the order is appealable.[7]

While the trial judge made no ruling with respect to Rule 23(a), we assume that the prerequisites of that section were met.[8] We are also mindful that appellant, as a resident of D.C. Village, is a person of limited means. Nevertheless, appellant alleges a continuing injury of some magnitude and it is her burden to show that without class action status she cannot continue her cause of action. *Graci v. United States, supra.* The issues do not appear to be complex and costly to litigate.[9] Moreover, the District has, in substance, agreed to be bound as to other persons similarly situated by a final decision in this matter.

Since appellant has not demonstrated that she comes within the "Death Knell" exception to the general rule, the appeal is

Dismissed.

---

5. The Collateral Order doctrine is not applicable to this case.

6. The District cancelled appellant's assignment of her insurance policy to it on February 1, 1973, pursuant to an opinion of the Corporation Counsel of August 26, 1969.

7. We do not regard appellant's demand for attorneys' fees as defeating the exception because we are not faced with a statutory provision allowing such fees either as a matter of right or as a matter within the discretion of the trial court. *See Williams v. Mumford,*

*supra* at 368 & n. 15. Thus appellant would have to show that she came within some exception to the rule prohibiting such awards.

8. The complaint referred only to residents similarly situated at D.C. Village, estimated by the District to number 78. The motion to certify referred, in addition, to residents similarly situated in other institutions owned and operated by the District located in the District and nearby Maryland.

9. Appellant has paid counsel $1,000.