**Julian FORD, Applicant,**

v.

**CHARTONE, INC., Respondent.**

No. 03–DA–13.

District of Columbia Court of Appeals.

Application filed May 29, 2003.
Decided Oct. 30, 2003.

William Claiborne, and Sean R. Day, were on the application for review.

Jennifer B. Furey and Jonathan Abram, Washington, DC, were on the respondent's opposition.

Before SCHWELB, GLICKMAN, and WASHINGTON, Associate Judges.

PER CURIAM:

█ We have before us an application for permission to appeal an order denying class action certification. The application presents a threshold question of appellate jurisdiction. With certain statutory exceptions that do not apply here, interlocutory orders in civil cases are not appealable as of right.[1] Such orders are appealable only by leave of this court, and D.C.Code § 11–721(d) (2001) provides that we may grant leave only if the trial judge first provides a written statement certifying that her order "involves a controlling question of law as to which there is substantial ground for a difference of opinion and that an immediate appeal ... may materially advance the ultimate termination of the litigation or case." The present applicant has not obtained that certification. In seeking leave to appeal without it, the applicant relies on Superior Court Civil Rule 23(f), which purports to dispense with the statutory certification requirement for applications to appeal from orders granting or denying class action certification. The Rule states that this court has "discretion" to permit such interlocutory appeals so long as they are timely. We hold, however, that the trial judge's certification is a jurisdictional condition imposed by D.C.Code § 11–721(d)

that Rule 23(f) cannot abrogate. We therefore must deny the application to appeal in this case because, notwithstanding Rule 23(f), we are without jurisdiction to grant it.

## I.

In connection with an unrelated personal injury lawsuit, Julian Ford requested copies of his medical records from ChartOne, Inc., a company that furnishes record retrieval and copying services to hospitals and other healthcare providers. ChartOne charged Ford $1.10 per page plus tax, shipping, and handling. After he paid the bill, which came to $38.16, Ford commenced the present lawsuit. His complaint alleges that ChartOne violated the District of Columbia Consumer Protection Procedures Act, D.C.Code §§ 28–3901 et seq. (2001), and District of Columbia common law, by setting "unconscionable" prices for copying and shipping medical records to individual consumers.

Ford styled his lawsuit as a class action, but the trial court denied his motion for class action certification. In a written opinion and order, the court concluded that the action did not satisfy the requirements for class actions set forth in Superior Court Civil Rule 23.[2] Although the court

---

1. The limited set of interlocutory orders that are immediately appealable as of right include orders granting, continuing, modifying, refusing, or dissolving or refusing to dissolve or modify injunctions; orders appointing receivers, guardians, or conservators or refusing to wind up receiverships,guardianships, or the administration of conservators or to take steps to accomplish the purpose thereof; and orders changing or affecting the possession of property. See D.C.Code § 11–721(a)(2) (2001).

2. The court concluded that Ford's personal cause of action did not share questions of law or fact common to the class of consumers he sought to represent, see Rule 23(a)(2), because Ford did not purchase his medical records for

a "consumer purpose" within the meaning of the Consumer Protection Procedures Act (CPPA). See D.C.Code § 28–3901(a)(2) (2001). The court also concluded that Ford failed to satisfy the typicality and adequacy of representation requirements of Rule 23(a)(3) and (a)(4), because the application of the CPPA would turn on individual facts specific to each putative class member. This was so, the court noted, because the process for legally obtaining, copying, and releasing medical records varies depending on the requester's particular medical condition and the particular medical services that were rendered (e.g., psychiatric admissions, drug and alcohol abuse, or AIDS). For similar reasons the trial court further concluded that Ford's action, which primarily sought money damages, did

did not certify the question to enable immediate appellate review of its ruling under D.C.Code § 11–721(d), Ford applied directly to this court pursuant to Superior Court Civil Rule 23(f) for permission to appeal the order. ChartOne opposed the application as untimely[3] and as undeserving on its merits. Neither party addressed our jurisdiction to grant the application absent a statement by the trial judge that complied with D.C.Code § 11–721(d). Perceiving on our own that Ford's application presented a serious jurisdictional question, we *sua sponte* directed the parties to brief the issue of whether Rule 23(f) validly abrogated the statutory requirement.[4]

## II.

■ "The jurisdiction of this court to hear appeals from the Superior Court is defined by statute." *Rolinski v. Lewis,* 828 A.2d 739, 745 (D.C.2003) (en banc). Because our jurisdiction is generally limited to "final orders and judgments" of the Superior Court, D.C.Code § 11–721(a)(1) (2001), *i.e.,* orders and judgments that terminate the litigation, *see Rolinski,* 828 A.2d at 745–46, we have held that the denial of class certification status is generally not an appealable order. *See Kanelos*

*v. District of Columbia,* 346 A.2d 247, 249 (D.C.1975); *accord, Yarmolinsky v. Perpetual Amer. Fed. Sav. & Loan Ass'n,* 451 A.2d 92, 94 n. 4 (D.C.1982). D.C.Code § 11–721(d) does, however, authorize this court to permit an interlocutory appeal in a civil case where the trial judge certifies in writing that the ruling in question "involves a controlling question of law as to which there is substantial ground for a difference of opinion and that an immediate appeal ... may materially advance the ultimate termination of the litigation or case." The trial judge's certification is an indispensable precondition for this court to exercise its discretion to allow an interlocutory appeal under D.C.Code § 11–721(d). *See* D.C.App. R. 5(a) ("The clerk shall not accept such application [for leave to appeal an interlocutory order] for filing unless the ruling or order sought to be appealed contains the statement of the trial judge referred to in D.C.Code § 11–721(d).").

■ Superior Court Civil Rule 23(f) states that "[t]he Court of Appeals may in its discretion permit an appeal from an order of the Superior Court granting or denying class action certification under this Rule if application is made to it within

---

not satisfy the twin requirements of Rule 23(b)(3), "that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy."

Inasmuch as we dispose of this application for permission to appeal on jurisdictional grounds, we express no views whatsoever on the merits of the trial court's ruling denying class action certification.

3. Rule 23(f) provides that the application for permission to appeal must be made within ten days after entry of the order. The parties disagree over whether Ford complied with

this requirement. As we conclude that we lack jurisdiction, we do reach the question of timeliness.

4. We also requested and received briefing on the jurisdictional issue from the parties in two other cases in which applications for permission to appeal pursuant to Rule 23(f) are pending in this court. In these other cases, which have been consolidated, the District of Columbia is applying for interlocutory review of orders granting class action certification. The applications are in *District of Columbia v. Craig,* No. 03–DA–24, and *District of Columbia v. Ernst,* No. 03–DA–25 (both filed on June 26, 2003). Because other issues have arisen in *Craig* and *Ernst,* we are not deciding the applications in those cases at this time.

ten days after entry of the order."[5] The intention of this language, we acknowledge, is to authorize this court to permit an appeal of an otherwise non-appealable interlocutory order without the trial judge's certification that D.C.Code § 11–721(d) requires. But that poses a problem, for absent express statutory authorization, "no rule of court can enlarge or restrict jurisdiction. Nor can a rule abrogate or modify the substantive law." *Washington–Southern Navigation Co. v. Baltimore & Philadelphia Steamboat Co.,* 263 U.S. 629, 635, 44 S.Ct. 220, 68 L.Ed. 480 (1924);[6] *accord, In re G.C.S.,* 360 A.2d 498, 500 (D.C.1976). Adhering to these principles, this court has annulled Superior Court rules that were contrary to governing statutory or other law. *See, e.g., Fitzgerald v. Fitzgerald,* 566 A.2d 719, 728 (D.C.1989) (invalidating child support guideline that altered substantive law; "a Superior Court rule ... cannot curtail substantive rights."); *Flemming v. United States,* 546 A.2d 1001, 1004–06 (D.C.1988) (holding part of Superior Court Criminal Rule 23(b) invalid because it conflicted with D.C.Code provision guaranteeing twelve-person juries absent stipulation by the parties; "[t]here is no counterpart to 18 U.S.C. § 3771 in the District of Columbia Code that would allow Superior Court rules to nullify or take precedence over District of Columbia statutes."); *Haynes v. District of Columbia,* 503 A.2d 1219, 1223 (D.C.1986) (holding Superior Court Civil Rule 101(a)(1) a "nullity," for "the Superior Court may not adopt a rule which abridges any substantive right.") (citing *In re C.A.P.,* 356 A.2d 335, 343 (D.C.1976)); *Sanker v. United States,* 374 A.2d 304, 310 (D.C.1977) (invalidating part of Superior Court Criminal Rule 32 for non-conformity with probation statute in D.C.Code; "the rule may not override the statute as we interpret it today."). Since Rule 23(f) conflicts with D.C.Code § 11–721(d) and purports to enlarge the jurisdiction of this court, the provision is void unless it is authorized by another, superseding statute.

To investigate that possibility, we look to the source. Subdivision (f) of Rule 23 took effect in June 1999. Its language was drawn from the corresponding provision in the Federal Rules of Civil Procedure, which took effect in December 1998.[7] The federal rule was incorporated substantially verbatim in accordance with D.C.Code § 11–946 (2001), which provides that "[t]he Superior Court shall conduct its business according to the Federal Rules of Civil Procedure ... unless it prescribes or adopts rules which modify those Rules." Federal Rule 23(f) was designed specifically to permit discretionary appeals from

---

5. In its entirety, Rule 23(f) reads as follows:
   (f) **Appeals.** The Court of Appeals may in its discretion permit an appeal from an order of the Superior Court granting or denying class action certification under this Rule if application is made to it within ten days after entry of the order. An appeal does not stay proceedings in the Superior Court unless the trial judge or the Court of Appeals so orders.

6. "This is true," the Supreme Court added, "whether the court to which the rules apply be one of law, of equity or of admiralty. It is true of rules of practice prescribed by this Court for inferior tribunals, as it is of those rules which lower courts make for their own guidance under authority conferred." *Id.* at 635–36, 44 S.Ct. 220.

7. Federal Rule of Civil Procedure 23(f) provides as follows:
   (f) **Appeals.** A court of appeals may in its discretion permit an appeal from an order of a district court granting or denying class action certification under this rule if application is made to it within ten days after entry of the order. An appeal does not stay proceedings in the district court unless the district judge or the court of appeals so orders.

orders granting or denying class action certification without the district judge's statement that would otherwise be required by 28 U.S.C. § 1292(b), the nearly identical federal counterpart of D.C.Code § 11–721(d).[8] *See* Fed.R.Civ.P. 23, Advisory Committee's Note on the 1998 Amendments to the Rule. Thus, exactly like our local Rule 23(f), the federal Rule 23(f) was intended to enlarge appellate jurisdiction beyond what the otherwise applicable jurisdictional statute allowed. But as the Advisory Committee Note states, "[t]his permissive interlocutory appeal provision [was] adopted under the power conferred by 28 U.S.C. § 1292(e)." That statutory provision expressly authorized the Supreme Court to "prescribe rules, in accordance with section 2072 of this title, to provide for an appeal of an interlocutory decision to the courts of appeals that is not otherwise provided for under subsection (a), (b), (c), or (d) [of § 1292]." There is no analogous provision in the District of Columbia Code (or in the United States Code, for that matter) expressly authorizing the Superior Court to promulgate a jurisdiction-enlarging rule such as Rule 23(f).

■ We do not construe the general language of D.C.Code § 11–946 as granting such authority. In the first place, § 11–946 addresses only the conduct of business in the Superior Court; it establishes the default rule that the Superior Court shall "conduct its business" according to the Federal Rules unless the Superior Court adopts modifications of those Rules that are approved by this court.[9] This court's jurisdiction is not part of the business of the Superior Court and the expansion of our jurisdiction is not addressed, explicitly or implicitly, by § 11–946.[10] Moreover, we have previously held squarely that § 11–946 does not "grant the Superior Court (or this court) the power to overturn any District of Columbia statute by adopting a court rule." *Flemming,* 546 A.2d at 1004; *accord, Sanker,* 374 A.2d at 309–10; *cf. Haynes,* 503 A.2d at 1223 ("notwithstanding section 11–946, the Superior Court may not adopt a rule which abridges any substantive right"). Even when a Federal Rule becomes a Superior Court Rule without Superior Court intervention by virtue of § 11–946, it may not "supersede an inconsistent provision of the District of Columbia Code." *Flemming,*

**8.** Like D.C.Code § 11–721(d), 28 U.S.C. § 1292(b) authorizes the court of appeals to permit an appeal of an interlocutory order in a civil action if the district judge states in writing that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation...."

**9.** D.C.Code § 11–946 provides as follows:

The Superior Court shall conduct its business according to the Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure (except as otherwise provided in Title 23) unless it prescribes or adopts rules which modify those Rules. Rules which modify the Federal Rules shall be submitted for the approval of the District of

Columbia Court of Appeals, and they shall not take effect until approved by that court. The Superior Court may adopt and enforce other rules as it may deem necessary without the approval of the District of Columbia Court of Appeals if such rules do not modify the Federal Rules. The Superior Court may appoint a committee of lawyers to advise it in the performance of its duties under this section.

**10.** D.C.Code § 11–743 (2001) provides that this court "shall conduct its business according to the Federal Rules of Appellate Procedure unless the court prescribes or adopts modifications of those Rules." This statute has no application to the jurisdictional question presented here, if only because the Federal Rules of Appellate Procedure do not purport to address that question. *See* Fed. R.App. P. 5 ("Appeal by Permission").

546 A.2d at 1005. "[W]hen a statute of broad general application (such as section 11–946) is inconsistent with a more specific provision ... the latter provision 'must govern or control, as a clearer and more definite expression of the legislative will....'" *Id.* (citations omitted); *see also George Wash. Univ. v. District of Columbia Bd. of Zoning Adjustment,* No. 02–AA–172, 831 A.2d 921, 944 n. 18 (D.C.2003) ("This court has often recognized the well-settled rule of statutory construction that a special statute covering a particular subject matter is controlling over a general statutory provision covering the same and other subjects in general terms.") (citation omitted).[11]

We therefore conclude that Superior Court Civil Rule 23(f) does not authorize this court to permit an interlocutory appeal from the grant or denial of class action certification without the written statement by the trial judge that D.C.Code § 11–721(d) requires.

To the extent that Ford argues in the alternative that the trial court's order denying class certification is immediately appealable as of right, either because it sounds the "death knell" for his case or because it presents an issue likely to "evade end-of-the-case review" and comes within the collateral order doctrine, we reject his position. While those are factors that a federal court of appeals may take into consideration in deciding whether to grant discretionary review under Federal Rule of Civil Procedure 23(f); *see In re Lorazepam & Clarazepate Antitrust Litig.,* 351 U.S.App.D.C. 223, 289 F.3d 98 (2002), they do not entitle Ford to an appeal as of right here.

■ The so-called "death knell" doctrine was a judicially-created exception to the general rule of finality. The doctrine purported to permit immediate appellate review of an order denying class certification if the appellate court "determines the individual plaintiff cannot feasibly continue to litigate his claim alone...." *Kanelos, supra,* 346 A.2d at 249 (citing *Graci v. United States,* 472 F.2d 124, 126 (5th Cir.1973)). This court has never applied the "death knell" doctrine; in *Kanelos* we dismissed the appeal, finding that the appellant failed to show that she satisfied the doctrine's requirements. Three years later, the United States Supreme Court unanimously ruled that the denial of class action certification was not appealable under the "death knell" doctrine absent the trial judge's certification required by 28 U.S.C. § 1292(b). *See Coopers & Lybrand v. Livesay,* 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978). *Coopers & Lybrand* sounded the death knell for the "death knell" doctrine. *See Shakman v. Democratic Org. of Cook*

---

**11.** Ford argues that Superior Court Civil Rule 54(b) demonstrates that the Superior Court does have the authority to adopt rules that enlarge the jurisdiction of this court. That argument is not correct. Rule 54(b) permits the trial court to certify a judgment as to one or more but fewer than all of the claims or parties before the court as final for purposes of appeal if the court determines that there is no just reason for delay. The Rule is patterned on Federal Rule of Civil Procedure 54(b). The Supreme Court has held that Rule 54(b) comports with the finality requirement of 28 U.S.C. § 1291 and hence does not expand the jurisdiction of the courts of appeals.

*See Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427, 435–38, 76 S.Ct. 895, 100 L.Ed. 1297 (1956); *Cold Metal Process Co. v. United Eng'g & Foundry Co.,* 351 U.S. 445, 451–53, 76 S.Ct. 904, 100 L.Ed. 1311 (1956). As Professor Moore points out,

The validity of Rule 54(b) really should never have been subject to substantial doubt. The rule is simply an alternative to formal severance of the adjudicated claims from the remainder of the action under Rule 21, and the validity of that rule cannot be disputed.

10 Moore's Federal Practice § 54.20[2], p. 54–35 (3d ed. 2003).

*County,* 919 F.2d 455, 460 (7th Cir.1990); *Loya v. Immigration & Naturalization Serv.,* 583 F.2d 1110, 1112 (9th Cir.1978). As this court has not previously allowed an appeal under the "death knell" doctrine, we decline Ford's implicit invitation to do so now in the absence of any statutory warrant for it. Instead we follow the Supreme Court in rejecting the doctrine as a basis on which to take an interlocutory appeal of an order denying class certification as of right.

Nor are orders denying class certification reviewable under the "collateral order" doctrine, for the issues they resolve are not completely separate from the merits of the action. *See generally Rolinski,* 828 A.2d at 747. On the contrary, as the Supreme Court explained in rejecting such a claim, a class determination "generally involves considerations that are 'enmeshed in the factual and legal issues comprising the plaintiff's cause of action.'" *Coopers & Lybrand,* 437 U.S. at 469, 98 S.Ct. 2454 (citation omitted). "The typicality of the representative's claims or defenses, the adequacy of the representative, and the presence of common questions of law or fact are obvious examples" of the overlap. *Id.* at n. 12 (quoting 15 C. WRIGHT, A. MILLER, & E. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3911, p. 485 n. 45 (1976)).

For the foregoing reasons, the application for permission to appeal is denied.

*So ordered.*